**IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA
ORLANDO DIVISION**

JOSHUA TAYLOR,

     Plaintiff,

v.                          Case No. 6:25-cv-01217-JSS-DCI

TRANSUNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION SOLUTIONS,
INC.; LVNV FUNDING, LLC; SYNOVUS
BANK (aka FIRST PROGRESS);
CITIBANK, N.A.; KIKOFF LENDING, LLC
AND CAPITAL BANK (OPENSKY),

     Defendants.

_____

**KIKOFF LENDING, LLC'S DISCLOSURE STATEMENT UNDER
RULE 7.1 FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 3.03**

Defendant Kikoff Lending, LLC ("Kikoff Lending"), pursuant to Federal Rule of Civil

Procedure 7.1 and Local Rule 3.03, hereby files its disclosure statement and states as follows:

1.    **IS THE FILER A NON-GOVERNMENTAL CORPORATE PARTY OR NON-GOVERNMENTAL CORPORATION MOVING TO INTERVENE?**

    ☐    No.

    ☒    Yes, and

        ☐    These parent corporations and publicly held corporations own ten percent (10%) or more of the filer's shares:

        ☐    The filer has no parent corporation.

        ☒    No publicly held corporation owns ten percent (10%) or more of the filer's shares.  Kikoff Inc. is a Class A member of Kikoff

Lending, LLC and Kikoff Holdco Inc. is a Class B member of Kikoff Lending, LLC.  Kikoff Inc. and Kikoff Holdco Inc. are not publicly traded companies.

2.      **IS THE COURT'S JURISDICTION BASED ON EITHER 28 U.S.C. § 1332(A) OR 28 U.S.C. § 1332(D)?**

☒      No.

☐      Yes, and this is the name and citizenship of each person or entity whose citizenship is attributed to the filer:

a.      **Is the court's jurisdiction based on 28 U.S.C. § 1332(a) and the filer a limited liability company or other unincorporated entity?**

    ☐      No.

    ☐      Yes, and the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

b.      **Is the court's jurisdiction based on 28 U.S.C. § 1332(d) and the filer a limited liability company or other unincorporated entity?**

    ☐      No.

    ☐      Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(d)(10).

c.      **Is the filer an insurer?**

    ☐      No.

    ☐      Yes, and the filer has identified citizenship in accord with § 1332(c)(1).

d.      **Is the filer a legal representative?**

    ☐      No.

    ☐      Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(2).

e.      **Has the filer identified any corporation?**

    ☐      No.

    ☐      Yes, and for each, the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(1).

f.      **Has the filer identified any natural person?**

    ☐      No.

☐    Yes, and for each, the filer has identified citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

3.    **IS THERE ANY OTHER PERSON OR ENTITY THAT HAS OR MIGHT HAVE AN INTEREST IN THE OUTCOME OF THE ACTION, INCLUDING ANY INTERESTED OR POTENTIALLY INTERESTED LAWYER, ASSOCIATION, FIRM, PARTNERSHIP, CORPORATION, LIMITED LIABILITY COMPANY, SUBSIDIARY, CONGLOMERATE, AFFILIATE, MEMBER, AND OTHER IDENTIFIABLE AND RELATED LEGAL ENTITY?**

☒    No.

☐    Yes.  These additional persons and entities have or might have an interest in the outcome of the action: [  ]

4.    **MIGHT THE OUTCOME OF THIS ACTION AFFECT ANY ENTITY, NOT YET IDENTIFIED, WITH PUBLICLY TRADED SHARES OR DEBT?**

☒    No.

☐    Yes, and this is the entity: [  ].

5.    **IS THIS A BANKRUPTCY ACTION?**

☒    No.

☐    Yes, and the debtor is [  ].

☐    Yes, and the members of the creditors' committee are [  ].

6.    **IS THIS A CRIMINAL CASE?**

☒    No.

☐    Yes, and these persons are arguably eligible for restitution:  [  ].

7.    **IS THERE AN ADDITIONAL ENTITY LIKELY TO ACTIVELY PARTICIPATE IN THIS ACTION?**

☒    No.

☐    Yes, and this is the entity:  [  ].

8.    **DOES THE FILER CERTIFY THAT, EXCEPT AS DISCLOSED, THE FILER IS UNAWARE OF AN ACTUAL OR POTENTIAL CONFLICT OF INTEREST AFFECTING THE DISTRICT JUDGE OR THE MAGISTRATE JUDGE IN THIS ACTION, AND THE FILER WILL IMMEDIATELY NOTIFY THE JUDGE IN WRITING WITHIN FOURTEEN DAYS AFTER THE FILER KNOWS OF A CONFLICT?**

☐    No.

☒    Yes.

Dated: May __, 2026

Respectfully Submitted,
GREENBERG TRAURIG, P.A.

/s/ Eva M. Spahn
_____
EVA M. SPAHN, ESQ.
Florida Bar No. 0092063
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida  33131
P: 305-579-0500  ♦  F: 305-579-0717
Email: eva.spahn@gtlaw.com

JOEL E. TASCA, ESQ.*
Nevada Bar No. 14124
ALIX R. GOLDSTEIN, ESQ.*
Nevada Bar No. 16540
*admitted pro hac vice
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
P: 702-792-3773  ♦  F: 702-792-9002
Email: joel.tasca@gtlaw.com
Email: alix.goldstein@gtlaw.com

*Attorneys for Defendant KIKOFF LENDING, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, I electronically filed the foregoing with the Clerk of Court, using CM/ECF.  I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Eva M. Spahn
Eva M. Spahn, Esq.