UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO

DIVISION

JOSHUA TAYLOR,

Plaintiff,                                    Case No.: 6:25-cv-01217-JSS-DCl

v.

TRANSUNION, LLC,

EQUIFAX INFORMATION SERVICES, LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

LVNV FUNDING, LLC,

SYNOVUS BANK (aka FIRST PROGRESS),

CITIBANK, N.A.,

KIKOFF LENDING, LLC,

CAPITAL BANK (OPENSKY),

Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Joshua Taylor ("Plaintiff"), brings this action against Defendants TransUnion LLC, Equifax Information Services LLC, Experian Information Solutions Inc., LVNV Funding LLC, Synovus Bank, Citibank N.A., Kikoff Lending LLC, and Capital Bank N.A. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff further alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Defendant LVNV Funding LLC arising from its collection and credit reporting activities.

## PRELIMINARY STATEMENT

1. This action is brought for actual damages, statutory damages, punitive damages, costs, and other relief arising from Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Plaintiff sent dispute letters by certified mail and regular mail to Defendants TransUnion LLC, Equifax Information Services LLC, Experian Information Solutions Inc., and the furnishing Defendants on or about May 30, 2024, July 25, 2024, October 26, 2024, and November 21, 2024, disputing inaccurate, incomplete, misleading, and/or unverifiable information appearing on Plaintiff's consumer credit reports.

3. Plaintiff disputed multiple tradelines that contained inaccurate balances, inconsistent payment histories, contradictory account statuses, incomplete reporting, duplicate reporting, inaccurate dates of activity, and other materially misleading information.

4. Despite receiving notice of Plaintiff's disputes, Defendants failed to conduct reasonable investigations as required by the FCRA and continued reporting inaccurate and misleading information on Plaintiff's consumer reports.

5. Upon information and belief, the consumer reporting agency Defendants transmitted Automated Consumer Dispute Verification ("ACDV") notices and/or other dispute notifications to the furnishing Defendants following Plaintiff's disputes.

6. Despite receiving notice of the disputes, several furnishing Defendants failed to conduct reasonable investigations, failed to review all relevant information, failed to correct inaccurate information, and continued furnishing inaccurate and misleading information to the consumer reporting agencies.

7. Several Defendants either failed to respond to Plaintiff's disputes entirely or provided generic and conclusory responses without providing proper validation or correcting the disputed reporting.

8. As a result of Defendants' conduct, inaccurate and misleading information remained on Plaintiff's consumer reports, causing Plaintiff to suffer financial harm, damage to creditworthiness, emotional distress, frustration, embarrassment, and other actual damages.

9. Plaintiff contends that Defendants violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy, failing to conduct reasonable reinvestigations, and failing to reasonably investigate disputed information after receiving notice of Plaintiff's disputes. Plaintiff further contends that Defendant LVNV Funding LLC violated the FDCPA by engaging in unfair, deceptive, and misleading debt collection and credit reporting practices.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d), because this action arises under the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

11. Plaintiff Joshua Taylor is a natural person and resident of Orange County, Florida.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred within this District, and Plaintiff suffered damages within this District.

## PARTIES

13. Defendant TransUnion LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, maintaining, and furnishing consumer credit information to third parties for monetary fees, dues, or on a cooperative nonprofit basis.

14. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, maintaining, and furnishing consumer credit information to third parties.

15. Defendant Experian Information Solutions Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and regularly engages in the business of collecting, maintaining, assembling, and furnishing consumer credit information to third parties.

16. Defendant LVNV Funding LLC is a debt collector as defined by 15 U.S.C. § 1692a(6) and a furnisher of information under 15 U.S.C. § 1681s-2(b). LVNV Funding LLC regularly engages in the collection of defaulted consumer debts and furnishes consumer account information to consumer reporting agencies.

17. Defendant Synovus Bank, doing business as First Progress, is a furnisher of information under 15 U.S.C. § 1681s-2(b) and regularly furnishes consumer account information to consumer reporting agencies.

18. Defendant Citibank N.A. is a furnisher of information under 15 U.S.C. § 1681s-2(b) and regularly furnishes consumer account information to consumer reporting agencies.

19. Defendant Kikoff Lending LLC is a furnisher of information under 15 U.S.C. § 1681s-2(b) and regularly furnishes consumer credit information to consumer reporting agencies in connection with its credit-building products and services.

20. Defendant Capital Bank N.A., doing business as OpenSky, is a furnisher of information under 15 U.S.C. § 1681s-2(b) and regularly furnishes consumer account information to consumer reporting agencies.

## FACTUAL ALLEGATIONS

21. Plaintiff reviewed his consumer credit reports published by Defendants TransUnion LLC, Equifax Information Services LLC, and Experian Information Solutions Inc. and discovered multiple inaccurate, incomplete, misleading, and/or unverifiable tradelines.

22. Plaintiff disputed the inaccurate reporting by certified mail and regular mail on or about May 30, 2024, July 25, 2024, October 26, 2024, and November 21, 2024. Plaintiff disputed the reporting directly with the consumer reporting agency Defendants and with the furnishing Defendants identified in this Complaint.

23. Upon information and belief, the consumer reporting agency Defendants transmitted notice of Plaintiff's disputes to the furnishing Defendants through Automated Consumer Dispute Verification ("ACDV") procedures and/or other dispute notification methods.

24. Defendant LVNV Funding LLC reported multiple tradelines across Plaintiff's consumer reports containing inconsistent account classifications, contradictory payment histories, incomplete reporting, inaccurate account information, inconsistent terms, duplicate reporting, inaccurate balances, and missing and/or inaccurate dates of first delinquency. LVNV Funding LLC further reported inaccurate last activity dates, which upon information and belief caused the accounts to continue reporting on Plaintiff's consumer reports longer than permitted and improperly extended the period of negative reporting.

25. Plaintiff does not recognize any contractual relationship or account obligation with LVNV Funding LLC and disputed the alleged debt and tradelines in their entirety.

26. Despite Plaintiff's disputes and requests for validation, LVNV Funding LLC continued reporting the alleged debt to consumer reporting agencies and failed to provide sufficient documentation establishing the existence, ownership, transfer, or accuracy of the alleged debt obligation.

27. LVNV Funding LLC further failed to provide documentation demonstrating how Plaintiff allegedly owed the reported debt, the chain of assignment of the alleged account, or documentation sufficient to verify the accuracy of the disputed reporting.

28. Plaintiff sent certified dispute letters to LVNV Funding LLC on or about October 26, 2024, November 19, 2024, and September 16, 2025 disputing the inaccurate reporting and requesting proper investigation and validation of the disputed accounts.

29. Despite receiving Plaintiff's disputes, LVNV Funding LLC continued reporting inaccurate and misleading information concerning Plaintiff and failed to provide sufficient documentation validating the disputed reporting.

30. Upon information and belief, LVNV Funding LLC responded to Plaintiff using generic and standardized dispute response letters substantially similar to form dispute response letters commonly used in response to consumer disputes, without conducting a meaningful or reasonable investigation into Plaintiff's specific disputes.

31. Upon information and belief, LVNV Funding LLC continued furnishing inaccurate information to consumer reporting agencies after receiving notice of Plaintiff's disputes through Automated Consumer Dispute Verification ("ACDV") procedures and/or other dispute notification methods.

32. Despite Plaintiff's disputes, LVNV Funding LLC failed to accurately report the alleged accounts as disputed to consumer reporting agencies.

33. After Plaintiff disputed the alleged debt and requested validation, LVNV Funding LLC caused an additional tradeline and/or account to appear on Plaintiff's consumer reports. Despite Plaintiff's validation requests and disputes, LVNV Funding LLC failed to report the additional account as disputed to the consumer reporting agencies and failed to provide sufficient documentation validating the alleged debt or establishing the accuracy and ownership of the reported account. Upon information and belief, the additional tradeline concerned the same alleged debt previously disputed by Plaintiff.

34. Defendant Kikoff Lending LLC reported inconsistent dates, contradictory payment history, inaccurate account information, and misleading reporting to consumer reporting agencies despite Plaintiff's disputes.

35. Plaintiff sent a certified dispute letter to Kikoff Lending LLC on or about October 26, 2024 disputing the inaccurate reporting appearing on Plaintiff's consumer reports.

36. Despite receiving Plaintiff's dispute, Kikoff Lending LLC failed to conduct a reasonable investigation, failed to correct inaccurate reporting, and continued furnishing inaccurate and misleading information concerning Plaintiff.

37. Upon information and belief, Kikoff Lending LLC received notice of Plaintiff's disputes from the consumer reporting agency Defendants through Automated Consumer Dispute Verification ("ACDV") procedures and/or other dispute notification methods.

38. Despite Plaintiff's repeated disputes, inaccurate and misleading information remained on Plaintiff's consumer reports.

39. Defendants failed to conduct reasonable investigations, failed to review all relevant information provided by Plaintiff, failed to correct inaccurate reporting, and continued furnishing and publishing inaccurate information concerning Plaintiff.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm to his creditworthiness, financial harm, emotional distress, anxiety, frustration, embarrassment, humiliation, loss of time, and other actual damages. Plaintiff further sought therapy and counseling as a result of the stress, anxiety, and emotional distress associated with Defendants' continued reporting and furnishing of inaccurate and misleading information concerning Plaintiff. The inaccurate reporting further impaired Plaintiff's ability to obtain credit, obtain favorable credit terms, and maintain financial stability.

41. Plaintiff contends that Defendants violated the FCRA by failing to maintain reasonable procedures to assure maximum possible accuracy and by failing to conduct reasonable reinvestigations following Plaintiff's disputes. Plaintiff further contends that Defendant LVNV Funding LLC violated the FDCPA by engaging in unfair, deceptive, and misleading debt collection and credit reporting conduct.

## COUNT 1 - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681E(B), AGAINST TRANSUNION, EQUIFAX, AND EXPERIAN

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Defendants TransUnion, Equifax, and Experian prepared, compiled, assembled, maintained, published, and communicated consumer reports and credit information concerning Plaintiff.

44. Plaintiff disputed inaccurate, incomplete, misleading, and/or unverifiable information appearing on his consumer reports with TransUnion, Equifax, and Experian on multiple occasions.

45. The disputed reporting included, among other inaccuracies, inconsistent payment histories, inaccurate account statuses, contradictory activity dates, incomplete reporting, duplicate reporting, inaccurate balances, and other materially misleading information concerning Plaintiff's accounts.

46. Despite receiving notice of Plaintiff's disputes, TransUnion, Equifax, and Experian failed to conduct reasonable reinvestigations and continued reporting inaccurate and misleading information concerning Plaintiff.

47. TransUnion, Equifax, and Experian failed to maintain and follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b).

48. TransUnion, Equifax, and Experian further violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations after receiving Plaintiff's disputes and by failing to delete, modify, or permanently block inaccurate and unverifiable information.

49. Upon information and belief, TransUnion, Equifax, and Experian verified disputed information without conducting reasonable investigations and without reviewing all relevant information provided by Plaintiff.

50. As a direct and proximate result of these violations, inaccurate and misleading information remained on Plaintiff's consumer reports.

51. As a result of Defendants' conduct, Plaintiff suffered harm to creditworthiness, emotional distress, frustration, embarrassment, loss of time, financial harm, and other actual damages.

52. The conduct of TransUnion, Equifax, and Experian was willful and/or negligent, entitling Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and all other relief available under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681S-2(B) AGAINST DEFENDANTS LVNV FUNDING LLC, SYNOVUS BANK, CITIBANK N.A., KIKOFF LENDING LLC, AND CAPITAL BANK N.A.

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff disputed inaccurate and misleading information appearing on his consumer reports with the consumer reporting agency Defendants.

55. Upon information and belief, the consumer reporting agency Defendants transmitted notice of Plaintiff's disputes to the furnishing Defendants through Automated Consumer Dispute Verification ("ACDV") procedures and/or other dispute notification methods.

56. After receiving notice of Plaintiff's disputes, Defendants LVNV Funding LLC, Synovus Bank, Citibank N.A., Kikoff Lending LLC, and Capital Bank N.A. failed to conduct reasonable investigations regarding the disputed information.

57. The furnishing Defendants failed to review all relevant information relating to Plaintiff's disputes, failed to correct inaccurate reporting, and continued furnishing inaccurate, incomplete, misleading, and/or unverifiable information to the consumer reporting agencies.

58. The disputed reporting included, among other inaccuracies, inconsistent payment histories, contradictory account information, inaccurate activity dates, incomplete reporting, duplicate reporting, inaccurate balances, and other materially misleading information.

59. Despite receiving notice of Plaintiff's disputes, the furnishing Defendants continued reporting inaccurate and misleading information concerning Plaintiff.

60. Defendants LVNV Funding LLC, Synovus Bank, Citibank N.A., Kikoff Lending LLC, and Capital Bank N.A. violated 15 U.S.C. § 1681s-2(b) by failing to:

a. conduct reasonable investigations regarding disputed information;

b. review all relevant information provided in connection with the disputes;

c. report accurate results of investigation to the consumer reporting agencies; and

d. modify, delete, or permanently block inaccurate and unverifiable information.

61. As a direct and proximate result of the furnishing Defendants' conduct, Plaintiff suffered harm to creditworthiness, emotional distress, frustration, embarrassment, financial harm, loss of time, and other actual damages.

62. The furnishing Defendants' conduct was willful and/or negligent, entitling Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and all other relief available under 15 U.S.C. §§ 1681n and 1681o.

## COUNT III - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, AGAINST DEFENDANT LVNV FUNDING LLC

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64. Defendant LVNV Funding LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

65. LVNV Funding LLC engaged in deceptive, misleading, unfair, and unconscionable debt collection conduct in connection with the collection and reporting of alleged consumer debts.

66. LVNV Funding LLC furnished and communicated inaccurate, inconsistent, misleading, duplicative, and/or unverifiable account information concerning Plaintiff to consumer reporting agencies despite receiving notice that the information was disputed.

67. LVNV Funding LLC failed to provide sufficient validation of the alleged debts and continued collection activity and credit reporting despite Plaintiff's disputes.

68. LVNV Funding LLC violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of alleged consumer debts.

69. LVNV Funding LLC violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, legal status, and/or accuracy of alleged debts.

70. LVNV Funding LLC violated 15 U.S.C. § 1692e(8) by communicating and furnishing inaccurate credit information to consumer reporting agencies while failing to communicate that the alleged debts were disputed.

71. LVNV Funding LLC violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in connection with the collection and reporting of alleged debts.

72. LVNV Funding LLC violated 15 U.S.C. § 1692f and § 1692f(1) by using unfair and unconscionable means to attempt to collect alleged debts and by attempting to collect amounts not expressly authorized by agreement or permitted by law.

73. As a direct and proximate result of LVNV Funding LLC's conduct, Plaintiff suffered emotional distress, frustration, embarrassment, anxiety, humiliation, loss of time, harm to creditworthiness, financial harm, and other actual damages. Plaintiff further sought therapy and counseling as a result of the stress and emotional distress caused by LVNV Funding LLC's continued collection and reporting conduct.

74. Plaintiff is entitled to recover actual damages, statutory damages, costs, and all other relief available pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. Awarding actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Awarding statutory damages and punitive damages as permitted under the Fair Credit Reporting Act, including pursuant to 15 U.S.C. § 1681n;

C. Awarding damages for emotional distress, humiliation, embarrassment, frustration, loss of time, financial harm, damage to creditworthiness, and other compensatory damages permitted by law;

D. Awarding actual damages against Defendant LVNV Funding LLC pursuant to 15 U.S.C. § 1692k(a)(1);

E. Awarding statutory damages against Defendant LVNV Funding LLC pursuant to 15 U.S.C. § 1692k(a)(2)(A);

F. Awarding Plaintiff the costs of this action, including filing fees, court costs, and any other litigation expenses permitted by law;

G. Awarding such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all triable issues.

Dated the 26th day of May, 2026.

Respectfully submitted,

/s/ *Joshua Taylor*

Joshua L Taylor

255 S Orange Avenue Unit 104

Orlando, FL 32801
Phone: 414-841-5301
Email: Joshtaylor1971@yahoo.com
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by Email.

Respectfully submitted,

Joshua L Taylor
255 S Orange Avenue Unit 104

Orlando, FL 32801
Phone: 414-841-5301
Email: Joshtaylor1971@yahoo.com
Plaintiff Pro Se

Dated the 26th day of May, 2026.