**IN THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOSHUA TAYLOR,

     Plaintiff,

v.

TRANSUNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION SOLUTIONS,
INC.; LVNV FUNDING, LLC; SYNOVUS
BANK (aka FIRST PROGRESS);
CITIBANK, N.A.; KIKOFF LENDING, LLC
AND CAPITAL BANK (OPENSKY),

     Defendants.

Case No. 6:25-cv-01217-JSS-DCI

_____

## DEFENDANT KIKOFF LENDING, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Kikoff Lending, LLC ("Kikoff Lending" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves for entry of an order dismissing Plaintiff Joshua Taylor's ("Plaintiff") Amended Complaint [ECF No. 99], with prejudice.

## I.    INTRODUCTION

This Court dismissed Plaintiff's original complaint as a shotgun pleading, finding that Plaintiff's allegations were "replete with conclusory, vague, and immaterial facts" and that Plaintiff failed to plead facts "plausibly showing that an item of information in a credit report is inaccurate or incomplete." ECF No. 83 at 4–5 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015); *Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020)). The Court granted Plaintiff leave to file an amended complaint, explicitly cautioning him of the pleading deficiencies he needed to cure. *Id.* at 8–9. Plaintiff filed his Amended Complaint on May 29, 2026. ECF No. 99. Despite having the benefit of this Court's detailed order identifying the precise deficiencies in his original pleading, Plaintiff has done virtually nothing to cure them. As to Kikoff Lending, specifically, the Amended Complaint substitutes one set of vague, conclusory labels for another while supplying no new facts. The claims against Kikoff Lending remain legally deficient and should be dismissed with prejudice. Plaintiff has already had his opportunity to replead; there is no basis to afford him yet another one.

## II.   BACKGROUND

### A.   The original complaint was a shotgun pleading.

Plaintiff filed his original complaint on July 7, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Kikoff Lending and several other defendants. ECF No. 1.  With respect to Kikoff Lending, the original complaint alleged only that Kikoff "reports to Equifax and Experian but failed to respond and is showing contradictory dates and payment history." *Id.* at ¶ 29.  Plaintiff further alleged in conclusory fashion that Kikoff Lending "failed to conduct a reasonable investigation with respect to the disputed information," "failed to review all relevant information available," and "failed to update Joshua Taylor's credit reports to accurately reflect the status of the disputed accounts."  *Id.* at ¶ 48. Kikoff Lending moved to dismiss the complaint for failure to state a claim.

### B.   The Court dismissed the original complaint.

On May 11, 2026, this Court granted Kikoff Lending's motion to dismiss, finding that the complaint was an impermissible shotgun pleading. ECF No. 83. Specifically, the Court held that: "Plaintiff fails to plead facts showing that the entries were incorrect or that Defendants' investigations were unreasonable. . . . Indeed, Plaintiff's vague and conclusory assertions do not support several elements of his claims in either Count I or Count II." *Id.* at 4.  The Court

cited the Eleventh Circuit's holding in *Batterman*, 829 F. App'x at 481, that a plaintiff fails to state a claim under § 1681i if he does not plead facts "plausibly showing that an item of information in a credit report is inaccurate or incomplete." *Id.* at 5. The Court permitted Plaintiff to file an amended complaint on or before June 1, 2026, while explicitly cautioning him that failure to cure the identified deficiencies could result in a final judgment against him. *Id.* at 9.

### C.   The Amended Complaint suffers the same insufficiencies as the original.

Plaintiff filed his Amended Complaint on May 29, 2026. ECF No. 99. As set forth below, the Amended Complaint fails to cure the deficiencies identified in the Court's May 11 Order. With respect to Kikoff Lending, Plaintiff's allegations remain just as conclusory and vague as those the Court already found insufficient.

## III.   LEGAL ARGUMENT

FRCP 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive an FRCP 12(b)(6) motion, a litigant must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A litigant's complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

4

At the dismissal stage, a complaint's well-pleaded factual allegations are accepted as true and construed in the light most favorable to the litigant bringing the claim. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, a district court should limit its "considerations to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (emphasis added). Mere legal conclusions—even if couched as factual accusations—are not to be taken as true. *Iqbal*, 556 U.S. at 678.

### A. Plaintiff's FCRA claim against Kikoff Lending fails to state a claim because Plaintiff still does not plausibly allege an inaccuracy or an unreasonable investigation.

To state a claim under § 1681s-2(b) against a furnisher like Kikoff Lending, a plaintiff must plead facts plausibly establishing: "(1) [his] consumer file contained inaccurate or incomplete information; (2) [he] notified the consumer reporting agency of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the [furnisher] failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) [he] sustained damages as a result." *Barreto v. Equifax Info. Servs. LLC*, 2023 U.S. Dist. LEXIS 137346, at *10 (N.D. Ga. May 25, 2023). Plaintiff's Amended Complaint still fails to plausibly allege the inaccuracy and reasonable investigation elements.

5

> ### i.    Plaintiff again fails to sufficiently plead that Kikoff Lending's reporting was inaccurate.

The Court found in its May 11 Order that Plaintiff's original allegation—that the Kikoff Lending tradeline was "showing contradictory dates and payment history"—was too conclusory to state a claim. ECF No. 1 at ¶ 29; ECF No. 83 at 4–5. The Amended Complaint does not meaningfully improve upon this.

In the Amended Complaint, Plaintiff now alleges that Kikoff "reported inconsistent dates, contradictory payment history, inaccurate account information, and misleading reporting." ECF No. 99 at ¶ 34. This reformulation is not a cure—it is a restatement of the same superficial and deficient allegations adorned with a few additional buzzwords. The phrases "inconsistent dates" and "contradictory payment history" are virtually (and functionally) identical to the "contradictory dates and payment history" language that the Court already found insufficient. And the additional phrases "inaccurate account information" and "misleading reporting" fare no better; if anything, they are even more vague and conclusory than what appeared in the original complaint.

Critically, Plaintiff still does not identify: which specific dates are inconsistent, and inconsistent with what; which specific payment history entries are contradictory, and how they contradict the true state of his account; what specific account information is inaccurate, and what the accurate information should be; or what specific reporting was misleading and why. Without these specifics, Plaintiff's

allegations amount to nothing more than the sort of "naked assertions devoid of further factual enhancement" that *Iqbal* and *Twombly* condemn.  *Iqbal*, 556 U.S. at 678.

The Eleventh Circuit has made clear that a plaintiff must plead facts that "plausibly show[] that an item of information in a credit report is inaccurate or incomplete."  *Batterman*, 829 F. App'x at 481.  Restating, in slightly different language, that a tradeline contains "inaccurate" or "inconsistent" information does not plausibly show anything.  S*ee Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020) (requiring the plaintiff to show "that a consumer report was inaccurate," not merely to allege it in conclusory terms).  Because Plaintiff's Amended Complaint is no more specific about the alleged inaccuracy than his original complaint—which this Court already found inadequate—the FCRA claim against Kikoff must again be dismissed.

### ii.     Plaintiff also fails to sufficiently plead that Kikoff Lending conducted an unreasonable investigation.

The Court's May 11 Order found that Plaintiff's original complaint failed to plead facts showing that Defendants' investigations were unreasonable. ECF No. 83 at 4.  Plaintiff's Amended Complaint repeats this error.

In the Amended Complaint, Plaintiff alleges that Kikoff "failed to conduct a reasonable investigation, failed to review all relevant information provided by Plaintiff, failed to correct inaccurate reporting, and continued furnishing and

publishing inaccurate information concerning Plaintiff." ECF No. 99 at ¶ 39. This is a recitation of the statutory standard—not a factual allegation. *See* 15 U.S.C. § 1681s-2(b)(1) ("After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency . . . ; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies . . . and ; (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete[,] . . . promptly—(i) modify that item of information, (ii) delete that item of information, or (iii) permanently block the reporting of that item of information.") Plaintiff supplies no facts describing what investigation Kikoff Lending conducted (or failed to conduct), what steps a reasonable investigation would have required, or how Kikoff Lending's response to his dispute fell short of that standard. This is precisely the kind of "formulaic recitation of the elements of a cause of action" that is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Because the Amended Complaint's reasonable-investigation allegations are indistinguishable in their conclusory character from those that the Court already found deficient, the FCRA claim against Kikoff Lending cannot survive dismissal.

**B.    Dismissal with prejudice is warranted because Plaintiff has already been afforded an opportunity to cure his pleading deficiencies.**

This Court's May 11 Order did not dismiss the original complaint without guidance. On the contrary, the Court specifically identified the pleading failures—the lack of factual specificity as to inaccuracy and unreasonable investigation—and afforded Plaintiff an opportunity to replead. ECF No. 83 at 8–9. Plaintiff filed an Amended Complaint but made no meaningful effort to supply the missing facts. Under these circumstances, dismissal with prejudice is appropriate.

Courts in this District and the Eleventh Circuit have consistently held that when a plaintiff has already been given an opportunity to amend and has failed to cure the identified deficiencies, dismissal without further leave to amend is warranted. *See Fountain v. Orlando Utilities Comm'n*, No. 6:25-CV-1524-CEM-DCI, 2026 WL 1148218, at *1 (M.D. Fla. Apr. 28, 2026) ("Here, Plaintiff has been given an opportunity to amend his Complaint, yet the Amended Complaint, like the first Complaint, is a shotgun pleading. . . . Thus, dismissal without leave to amend is not premature."); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (finding that where a pro se plaintiff "already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance").

This Court cautioned Plaintiff that an order dismissing the complaint with leave to amend "becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." ECF No. 83

9

at 9 (quoting *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020)).    Plaintiff chose to file an amended complaint—but that complaint, as to Kikoff Lending, is substantively indistinguishable from the original.    Having already received one opportunity to remedy his pleading failures, along with specific guidance on how to cure those failures, but having failed to do so, Plaintiff should not be afforded yet another bite at the apple.    Dismissal with prejudice as to Kikoff Lending is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, Kikoff Lending respectfully requests that this Court dismiss Plaintiff's Amended Complaint against it, with prejudice, and grant Kikoff Lending such other relief as the Court deems proper.

<u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Kikoff Lending certifies:  A) it, through undersigned counsel, conferred with Plaintiff before filing this motion; B) Plaintiff did not agree on the resolution of all or part of this motion; and C) this motion is opposed, and the conferral occurred via email on June 3, 2026.

10

Dated: June 9, 2026                    Respectfully submitted,

                                       **GREENBERG TRAURIG, P.A.**
                                       333 S.E. 2nd Avenue, Suite 4100
                                       Miami, Florida 33131
                                       Telephone - (305) 579-0500
                                       Facsimile:  (305) 579-0717

                                       By:    */s/ Eva M. Spahn*
                                              EVA M. SPAHN
                                              Florida Bar No. 92063
                                              Email: eva.spahn@gtlaw.com
                                              michelle.cruz@gtlaw.com
                                              mialitdock@gtlaw.com


                                       **GREENBERG TRAURIG, LLP**
                                       10845 Griffith Peak Dr, Ste. 600
                                       Las Vegas, NV 89135
                                       P: 702-792-3773
                                       F: 702-792-9002

                                       JOEL E. TASCA
                                       (Nev. Bar No. 14124)
                                       Email: Joel.Tasca@gtlaw.com
                                       *(admitted pro hac vice)*
                                       ALIX R. GOLDSTEIN
                                       (Nev. Bar No. 16540)
                                       Email: Alix.Goldstein@gtlaw.com
                                       *(admitted pro hac vice)*


                                       *Attorneys for Kikoff Lending, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing with

the Clerk of Court, using CM/ECF.  I also certify that the foregoing document was

11

served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/   *Eva M. Spahn*
EVA M. SPAHN