# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSHUA TAYLOR,

    **Plaintiff,**

    v.                            **CASE NO. 6:25-cv-01217-JSS-DCI**

TRANSUNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC., LVNV
FUNDING, LLC, SYNOVUS BANK
(aka FIRST PROGRESS),
CITIBANK, N.A., KIKOFF
LENDING, LLC, CAPITAL BANK
(OPENSKY),

    **Defendants.**
_____/

### DEFENDANT LVNV FUNDING, LLC'S
### ANSWER WITH AFFIRMATIVE DEFENSES

Defendant LVNV Funding, LLC answers Plaintiff Joshua Taylor's Amended

Complaint [ECF No. 99] as follows:

### PRELIMINARY STATEMENT

1.    Admitted in part, denied in part.  LVNV admits Plaintiff brings this

action for actual damages, statutory damages, punitive damages, and other relief

under the FCRA and FDCPA.  LVNV denies violating the FCRA and/or FDCPA

and further denies all remaining allegations.

1

2. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 2 of the Complaint and, as such, LVNV denies these allegations.

3. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 3 of the Complaint and, as such, LVNV denies these allegations.

4. LVNV denies the allegations in ¶ 4 of the Complaint.

5. LVNV denies the allegations in ¶ 5 of the Complaint.

6. LVNV denies the allegations in ¶ 6 of the Complaint.

7. LVNV denies the allegations in ¶ 7 of the Complaint.

8. LVNV denies the allegations in ¶ 8 of the Complaint.

9. LVNV denies the allegations in ¶ 9 of the Complaint.

## JURISDICTION AND VENUE

10. LVNV denies the allegations in ¶ 10 of the Complaint.

11. Admitted upon information and belief only.

12. LVNV denies the allegations in ¶ 12 of the Complaint.

## PARTIES

13. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 13 of the Complaint and, as such, LVNV denies these allegations.

2

14. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 14 of the Complaint and, as such, LVNV denies these allegations.

15. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 15 of the Complaint and, as such, LVNV denies these allegations.

16. LVNV denies the allegations in ¶ 16 of the Complaint.

17. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 17 of the Complaint and, as such, LVNV denies these allegations.

18. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 18 of the Complaint and, as such, LVNV denies these allegations.

19. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 19 of the Complaint and, as such, LVNV denies these allegations.

20. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 20 of the Complaint and, as such, LVNV denies these allegations.

## FACTUAL ALLEGATIONS

3

21.     After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 21 of the Complaint and, as such, LVNV denies these allegations.

22.     LVNV denies the allegations in ¶ 22 of the Complaint.

23.     LVNV denies the allegations in ¶ 23 of the Complaint.

24.     LVNV denies the allegations in ¶ 24 of the Complaint.

25.     LVNV denies the allegations in ¶ 25 of the Complaint.

26.     LVNV denies the allegations in ¶ 26 of the Complaint.

27.     LVNV denies the allegations in ¶ 27 of the Complaint.

28.     LVNV denies the allegations in ¶ 28 of the Complaint.

29.     LVNV denies the allegations in ¶ 29 of the Complaint.

30.     LVNV denies the allegations in ¶ 30 of the Complaint.

31.     LVNV denies the allegations in ¶ 31 of the Complaint.

32.     LVNV denies the allegations in ¶ 32 of the Complaint.

33.     LVNV denies the allegations in ¶ 33 of the Complaint.

34.     After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 34 of the Complaint and, as such, LVNV denies these allegations.

35. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 35 of the Complaint and, as such, LVNV denies these allegations.

36. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 36 of the Complaint and, as such, LVNV denies these allegations.

37. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 37 of the Complaint and, as such, LVNV denies these allegations.

38. LVNV denies the allegations in ¶ 38 of the Complaint.

39. LVNV denies the allegations in ¶ 39 of the Complaint.

40. LVNV denies the allegations in ¶ 40 of the Complaint.

41. LVNV denies the allegations in ¶ 41 of the Complaint.

## <u>COUNT I</u>

42. LVNV incorporates and realleges ¶¶ 1 through 42 of this Answer as though fully set forth here.

43. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 43 of the Complaint and, as such, LVNV denies these allegations.

44. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 44 of the Complaint and, as such, LVNV denies these allegations.

45. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 45 of the Complaint and, as such, LVNV denies these allegations.

46. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 46 of the Complaint and, as such, LVNV denies these allegations.

47. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 47 of the Complaint and, as such, LVNV denies these allegations.

48. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 48 of the Complaint and, as such, LVNV denies these allegations.

49. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 49 of the Complaint and, as such, LVNV denies these allegations.

50.     After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 50 of the Complaint and, as such, LVNV denies these allegations.

51.     After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 51 of the Complaint and, as such, LVNV denies these allegations.

52.     After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 52 of the Complaint and, as such, LVNV denies these allegations.

## COUNT II

53.     LVNV incorporates and realleges ¶¶ 1 through 52 of this Answer as though fully set forth here.

54.     LVNV denies the allegations in ¶ 54 of the Complaint.

55.     LVNV denies the allegations in ¶ 55 of the Complaint.

56.     LVNV denies the allegations in ¶ 56 of the Complaint.

57.     LVNV denies the allegations in ¶ 57 of the Complaint.

58.     LVNV denies the allegations in ¶ 58 of the Complaint.

59.     LVNV denies the allegations in ¶ 59 of the Complaint.

60.     LVNV denies the allegations in ¶ 60 of the Complaint.

61.     LVNV denies the allegations in ¶ 61 of the Complaint.

62.   LVNV denies the allegations in ¶ 62 of the Complaint.

## COUNT III

63.   LVNV incorporates and realleges ¶¶ 1 through 62 of this Answer as though fully set forth here.

64.   LVNV denies the allegations in ¶ 64 of the Complaint.

65.   LVNV denies the allegations in ¶ 65 of the Complaint.

66.   LVNV denies the allegations in ¶ 66 of the Complaint.

67.   LVNV denies the allegations in ¶ 67 of the Complaint.

68.   LVNV denies the allegations in ¶ 68 of the Complaint.

69.   LVNV denies the allegations in ¶ 69 of the Complaint.

70.   LVNV denies the allegations in ¶ 70 of the Complaint.

71.   LVNV denies the allegations in ¶ 71 of the Complaint.

72.   LVNV denies the allegations in ¶ 72 of the Complaint.

73.   LVNV denies the allegations in ¶ 73 of the Complaint.

74.   LVNV denies the allegations in ¶ 74 of the Complaint.

WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## AFFIRMATIVE DEFENSES

8

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish he suffered any damages or harm (which LVNV expressly denies), any alleged damages to Plaintiff were caused, in whole or in part, by the acts, inaction, conduct, delay, or omissions of Plaintiff and/or third parties over whom LVNV had no control and for whom LVNV has no responsibility.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish he suffered any damages or harm (which LVNV expressly denies), any alleged damages to Plaintiff were caused, in whole or in part, by intervening and/or superseding causes and/or acts over which LVNV had no control and for which LVNV has no responsibility.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish he suffered any damages or harm (which LVNV expressly denies), Plaintiff failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

Any violation of the FDCPA was not intentional and resulted from *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks treble and/or punitive damages, it violates Defendant's rights to protection against excessive fines, and equal

9

protection and procedural and substantive due process under the Fifth and Fourteenth Amendment to the U.S. Constitution, and the Florida constitutional analogues.

WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:    */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
KYLIE M. PRIETO, ESQUIRE
FL Bar No. 1069651
ROSAJUNELY CARTAGENA RUIZ, ESQUIRE
FL Bar No. 1069299
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☎ (904) 373-0646
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com
✉ jmarees@messerstrickler.com
✉ rruiz@messerstrickler.com
✉ kprieto@messerstrickler.com
*Counsel for Defendant LVNV Funding, LLC*

10

Dated: June 12, 2026

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By:  */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
KYLIE M. PRIETO, ESQUIRE
FL Bar No. 1069651
ROSAJUNELY CARTAGENA RUIZ, ESQUIRE
FL Bar No. 1069299
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☎ (904) 373-0646
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com
✉ jmarees@messerstrickler.com
✉ rruiz@messerstrickler.com
✉ kprieto@messerstrickler.com
*Counsel for Defendant LVNV Funding, LLC*

Dated: June 12, 2026

12