UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO

DIVISION

JOSHUA TAYLOR,

Plaintiff,                                            Case No.: 6:25-cv-01217-JSS-DCI

v.

TRANSUNION, LLC, EQUIFAX

INFORMATION SERVICES, LLC,

EXPERIAN INFORMATION SOLUTIONS,

INC., LVNV FUNDING, LLC, SYNOVUS

BANK (aka FIRST PROGRESS),

CITIBANK, N.A., KIKOFF LENDING, LLC,

CAPITAL BANK (OPENSKY),

Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT KIKOFF LENDING, LLC'S MOTION TO DISMISS

Plaintiff Joshua Taylor respectfully files this Response in Opposition to Defendant Kikoff Lending, LLC's Motion to Dismiss and states:

## I. INTRODUCTION

Kikoff argues that Plaintiff failed to identify specific inaccuracies and failed to allege facts showing an unreasonable investigation. Defendant's argument ignores the factual allegations contained in the Amended Complaint and improperly asks the Court to weigh evidence rather than determine whether Plaintiff has plausibly stated a claim.

At the pleading stage, Plaintiff is not required to prove his case. Plaintiff must only provide sufficient factual allegations to place Defendant on notice of the claim and establish plausibility. Plaintiff has done so.

## II. PLAINTIFF IDENTIFIED SPECIFIC INACCURACIES

Kikoff argues that Plaintiff failed to identify specific inaccuracies. However, the disputed tradeline was specifically identified in the Amended Complaint, and the nature of the inaccuracies was identified as inconsistent dates, contradictory payment history, inaccurate account information, and misleading reporting.

The reporting furnished by Kikoff to Equifax and Experian was materially different during the period relevant to Plaintiff's disputes. For example, Experian reported a highest balance of $20 while Equifax reported a high credit amount of $6 for the same account. Experian reported Additionally, Kikoff reported materially different account information to Equifax and Experian, including different account identifiers and account details. The reporting was presented in a manner that could reasonably cause a creditor or consumer to believe Plaintiff had two separate delinquent Kikoff accounts that had each been charged off. This reporting was misleading because it created the appearance of multiple charged-off obligations from the same furnisher, thereby overstating Plaintiff's credit risk and negatively affecting Plaintiff's creditworthiness.

Plaintiff disputed the account because the information being reported was inconsistent and misleading.

Additionally, the account information, reporting dates, payment history presentation, and account details reported to Equifax differed from the information reported to Experian. Despite these inconsistencies, Kikoff verified the account as accurate following Plaintiff's disputes.

At this stage of the proceedings, Plaintiff is not required to prove which reporting entry is ultimately correct. Plaintiff must only plausibly allege that inaccurate or misleading information was furnished and verified. Plaintiff has done so.

## III. PLAINTIFF SUFFICIENTLY ALLEGED AN UNREASONABLE INVESTIGATION

Kikoff also argues that Plaintiff failed to allege facts showing an unreasonable investigation. Plaintiff alleges that after receiving notice of the dispute through the consumer reporting agencies, Kikoff verified the account despite the existence of inconsistent and contradictory reporting appearing on Plaintiff's credit reports.

A reasonable investigation would require review of the underlying account records, reconciliation of the information being furnished to multiple consumer reporting agencies, and correction of inaccurate or misleading information. Instead, Kikoff verified the disputed reporting and allowed the inconsistencies to continue.

The precise details of Kikoff's investigation are uniquely within Defendant's possession and are appropriate subjects for discovery. Plaintiff cannot reasonably be expected to know the internal procedures followed by Kikoff before discovery occurs. Courts routinely recognize that the

reasonableness of a furnisher's investigation is generally a factual issue not suitable for resolution on a motion to dismiss.

## IV. DISCOVERY IS NECESSARY

Kikoff's Motion repeatedly demands information concerning what records were reviewed, what investigative steps were taken, and why the investigation was unreasonable. Those facts are primarily within Defendant's possession.

Plaintiff has alleged that he disputed the account, that Kikoff received notice of the dispute, that contradictory and inconsistent information was reported and verified, and that Plaintiff suffered damages as a result. Discovery is necessary to determine the full scope of Kikoff's investigation and reporting practices.

## V. DISMISSAL WITH PREJUDICE IS NOT WARRANTED

Even if the Court determines that additional factual detail is necessary, dismissal with prejudice would be inappropriate. The Federal Rules favor decisions on the merits, and Plaintiff has made a good-faith effort to comply with the Court's prior Order.

Defendant has suffered no prejudice, discovery remains ongoing, and the interests of justice favor resolution of this matter on the merits rather than through dismissal based on pleading technicalities.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant Kikoff Lending, LLC's Motion to Dismiss and grant such further relief as the Court deems just and proper.

Dated the 15th day of June, 2026.

Respectfully submitted,

Joshua L Taylor

405 Acacia Tree Way

Kissimmee, FL 34758

Phone: 414-841-5301
Email: Joshtaylor1971@yahoo.com
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I certify that on June 15, 2026, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by Email.

Respectfully submitted,

Joshua L Taylor

405 Acacia Tree Way

Kissimmee, FL 34758

Phone: 414-841-5301
Email: Joshtaylor1971@yahoo.com
Plaintiff Pro Se

Dated the 15th day of June, 2026.

Experian
Kikoff

## KIKOFF LENDING LLC
POTENTIALLY NEGATIVE

### Account Info

| | |
|---|---|
| Account Name | KIKOFF LENDING LLC |
| Account Number | CLRKHGXXXX |
| Account Type | Charge Card |
| Responsibility | Individual |
| Date Opened | 01/28/2021 |
| Status | Account charged off. $6 written off. $6 past due as of May 2022. |
| Status Updated | May 2022 |
| Balance | $6 |
| Balance Updated | 05/05/2022 |
| Recent Payment | . |
| Monthly Payment | . |
| Credit Limit | $500 |
| Highest Balance | $20 |
| Terms | . |
| On Record Until | Aug 2028 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | 60 | 90 | 120 | 150 | CO | – | – | – | – | – | – | – |
| 2021 | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 |

✓ Current / Terms met   30 Past due 30 days
60 Past due 60 days   90 Past due 90 days
120 Past due 120 days   150 Past due 150 days
CO Charge off

Payment history guide

Charge Off as of May 2022

150 days past due as of Apr 2022

120 days past due as of Mar 2022

90 days past due as of Feb 2022

60 days past due as of Jan 2022

30 days past due as of Dec 2021, Apr 2021

# JOSHUA L TAYLOR



**EQUIFAX**

Date: April 23, 2026
Confirmation # 6113592214

---

 **KIKOFF LENDING, LLC - Closed**

PO BOX 40070, RENO, NV 89504 | (775) 903-6992
Account Number: *QIAP | Owner: Individual Account
Loan/Account Type: Charge Account | Status: Charge Off

Date Reported: 12/17/2025 | Balance: $6
Credit Limit: $500 | High Credit: $6

| | | |
|---|---|---|
| Date Opened: 01/28/2021 | Date of 1st Delinquency: 11/24/2021 | Terms Frequency: Monthly |
| Date of Last Activity: - | Date Major Delinquency 1st Reported: 12/17/2025 | Months Reviewed: 39 |
| Scheduled Payment Amount: $0 | Amount Past Due: $6 | Deferred Payment Start Date: - |
| Actual Payment Amount: $0 | Charge Off Amount: $6 | Balloon Payment Amount: - |
| Date of Last Payment: 09/01/2021 | Date Closed: 04/23/2022 | Balloon Payment Date: - |
| Term Duration: - | Activity Designator: - | Narrative Code(s): 067, 229 |

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 30 | 60 | 90 | 120 | 150 | CO | * | ** | * | * | * | * |
| 2022 | * | | | | 30 | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 150 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 11/24 | $6 | * | $0 | 09/01/2021 | $6 | $6 | $500 | 067, 229 |

| Narrative Code | Narrative Code Description |
|---|---|
| 067 | Charged Off Account |
| 229 | Charge |

---

 **Security Finance - Closed**

POB 3146, CUST RELATIONS & CONS DISP, Spartanburg, SC 29304 | (866) 281-7043   Date Reported: 01/01/2018 | Balance: $0
Account Number: *7769 | Owner: Individual Account
Loan/Account Type: Unsecured | Status: Pays As Agreed

Credit Limit: - | High Credit: $1,575

| | | |
|---|---|---|
| Date Opened: 05/09/2014 | Date of 1st Delinquency: - | Terms Frequency: Monthly |
| Date of Last Activity: 09/01/2014 | Date Major Delinquency 1st Reported: - | Months Reviewed: 22 |
| Scheduled Payment Amount: - | Amount Past Due: - | Deferred Payment Start Date: - |
| Actual Payment Amount: $1,362 | Charge Off Amount: - | Balloon Payment Amount: - |
| Date of Last Payment: 09/01/2014 | Date Closed: 09/01/2014 | Balloon Payment Date: - |
| Term Duration: 3 Months | Activity Designator: Paid and Closed | Narrative Code(s): 158 |

| Narrative Code | Narrative Code Description |
|---|---|
| 158 | Closed or Paid Account/Zero Balance |

---

Joshua Taylor
405 Acacia Tree Way
Kissimmee, FL 34758

Leave for Reg

Orlando Fe
401 W
Orlando,



**Retail**

U.S. POSTAGE PAID
FCM LG ENV
KISSIMMEE, FL 34758
JUN 15, 2026

32801

**$1.90**

RDC 99

S2324H502856-11

eral Court
Central Blvd
FL 32801



